BARNES, J., CONCURRING IN PART AND DISSENTING IN PART:
 

 ¶ 26. I concur with the lead opinion that the testimony presented at the evidentiary hearing failed to support the trial court's determination that Carter, Reginald's trial attorney, "effectively communicated the plea offer to Reginald." However, I respectfully dissent from its finding that Reginald did not demonstrate that, had he been informed of the plea offer, he would have accepted the terms. Accordingly, I would reverse and render the circuit court's judgment and vacate Reginald's guilty pleas.
 

 ¶ 27. In
 
 Missouri v. Frye
 
 ,
 
 566 U.S. 134
 
 , 145,
 
 132 S.Ct. 1399
 
 ,
 
 182 L.Ed.2d 379
 
 (2012), the United States Supreme Court held that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." If defense counsel fails to communicate a plea offer, and it lapses, counsel's performance is deemed deficient, and the question becomes what prejudice, if any, resulted under the second
 prong of
 
 Strickland v. Washington
 
 ,
 
 466 U.S. 668
 
 ,
 
 104 S.Ct. 2052
 
 ,
 
 80 L.Ed.2d 674
 
 (1984).
 
 Frye
 
 ,
 
 566 U.S. at 147
 
 ,
 
 132 S.Ct. 1399
 
 . Carter told the trial court that he remembered the prosecutor making a plea offer in the courtroom. He consistently told the trial court that he did not recall communicating the plea offer to Reginald. Although Carter acknowledged that it was his normal practice to relate such an offer to a defendant, he very frankly told the trial court that "it was a crazy situation at that time" and that he could not recall relating the plea offer to Reginald in this instance. The prosecutor also never denied that any such plea offer was made by the State. He simply stated that he had no personal "recollection of what happened in court that day on any oral offers to [Carter]." Therefore, I agree with the lead opinion that "the sworn testimony elicited at the evidentiary hearing does not support the trial court's finding that [Carter] effectively communicated the plea offer to Reginald."
 

 ¶ 28. However, the lead opinion concludes that Reginald failed to meet the burden of proof that he would have accepted the plea offer pursuant to its terms, reasoning that "[a] fair reading of the record reflects that Reginald conditioned
 
 any
 
 plea deal upon a recitation of facts that excluded any involvement by [his brother] in the crimes." (Emphasis added). I find nothing in the record to support this conclusion. According to Carter, Reginald did not agree with the State's initial recitation of facts at the plea hearing because it implicated Antonio, his brother. Carter explained:
 

 Well, I knew that [Reginald] and his brother were very close, and I knew ... that Antonio was going to trial. And so when - when we came up for the plea and [the State] and the court asked, you know, what [it] would prove at trial, there was some statement that was made about Antonio's guilt or whatever. And I wanted to make sure I objected[,] or I said we did not agree with what it was that [the State] conveyed [it] would prove if [the case] went to trial.
 

 And so we went through a back and forth, because ... I knew that [Reginald] wasn't going to say that. He wasn't going to incriminate his brother, and so that's about all I remember about that. I knew I did not want him to testify in [Antonio's] trial, but I knew that he was because [of] his brother. And I wanted to make sure that - that there was nothing on the record he could come and testify to, and then he would be charged with perjury or the deal could be taken off the table or whatever.
 

 But the lead opinion's determination that Reginald would not have accepted the plea offer of simple robbery without this condition being met is speculative at best, as is its conclusion that Reginald would have been required to testify
 
 against
 
 Antonio as a condition of entering a guilty plea to simple robbery. Moreover, as the lead opinion notes, when asked by counsel if he would have taken the plea if he had known about it, Reginald responded affirmatively.
 

 ¶ 29. I find the trial court erred in denying Reginald's motion for post-conviction relief, and I would reverse and render the judgment. Reginald should be allowed to withdraw his guilty plea, and the case should be remanded to the trial court's active docket for further proceedings.
 
 See
 

 Henderson v. State
 
 ,
 
 170 So.3d 547
 
 , 554 (¶ 24) (Miss. Ct. App. 2014).
 

 IRVING, P.J., AND WESTBROOKS, J., JOIN THIS OPINION.